E-FILED
Wednesday, 02 July, 2008  02:56:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE DAVIS, | ) | |
| Plaintiff, | ) | No. 08 C 1118 |
| | ) | |
| vs. | ) | Judge Joe B. McDade |
| | ) | Magistrate Judge John A. Gorman |
| PEORIA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED DISCOVERY PLAN**

Plaintiff, through counsel, Law Offices of Lawrence V. Jackowiak, and files the Agreed Discovery Plan.

1. **The Nature of the Case**

In this §1983 case, Plaintiff make the following allegations: That she was subjected to excessive force, that the Defendant-Officers failed to intervene to prevent the use of excessive force, that Defendants CARGILL and DEARING used excessive force upon Plaintiff because of her race, a claim for *Respondeat Superior*, and a claim for Indemnification.

2. **Major Legal and Factual Issues in the Case**

The major factual and legal issues involve the alleged use of excessive force, failure to intervene and a the alleged hate crime violation.

3. **Federal Rule of Civil Procedure 26(f) meeting**

Pursuant to Fed.R.Civ.P. 26(f), attorney for Plaintiff, Louis J. Meyer spoke with the attorney for the Defendants, Miranda J. Floyd, regarding the status of the case.

4. **Names of parties not served**

Defendant LESTER TROWBRIDGE has not yet been served. Defendant TROWBRIDGE no longer is employed by the Peoria County Sheriff. Plaintiff is in the processes of serving Defendant TROWBRIDGE at his last known address.

5. **Relief Sought by Plaintiff**

Plaintiff seeks money damages.

6. **Pre-Discovery Disclosures**

The parties to serve their 26(a)(1) disclosures by July 31, 2008..

7. **Discovery Plan**

The parties jointly propose to the court the following discovery plan:

It is anticipated that discovery will be needed on the following subjects:

(a) the alleged use of excessive force; (b) the failure to intervene; (c) the hate crime violation; and (d) Plaintiff's injuries.

The parties agree to follow the Federal Rules of Civil Procedure and applicable Local Rules of the Court regarding maximum of interrogatories by each party to any other party (25), maximum requests for admission by each party to any other party (unlimited), and time allotted for responses to each (30 days). The parties further agree to follow the Federal Rules of Civil Procedure and applicable Local Rules of the Court regarding the maximum of depositions by plaintiff and by defendant(s) (10 for plaintiff, 10 for defendants), as well as their length (7 hours per deposition). The parties further agree not to exceed the limitation set forth in the Federal Rules of Civil Procedure and applicable Local Rules of the Court without consent and agreement between the parties and/or Court order.

Written discovery to be propounded by August 15, 2008.

Parties to confer on electronic discovery by September 19, 2008.

Report addressing any electronic discovery issues by September 26, 2008.

Amendments to pleading by November 28, 2008.

Deposition of parties and non-expert witness to be completed by December 31, 2008.

Plaintiff's disclosure of expert witnesses and report by January 9, 2009.

Deposition of Plaintiff's expert by January 30, 2009.

Defendants disclosure of expert witnesses and report by February 13, 2009

Deposition of Defendant expert by February 27, 2009.

>Discovery completed by March 6, 2009.

>Dispositive motions due March 31, 2009.

>Supplementation under Rule 26(e) due upon receipt of new information.

8. **Trial Status**

>Parties should be ready for trial after the filing of the final pretrial order.

9. **Other Items.**

>The parties do not unanimously consent to proceed before a Magistrate Judge.

>The Peoria County Sheriff documents are stored in a database, but the reports are not voluminous and can easily be produced in hard copy format.

>Any issues about claims of privilege or of protection as trial-preparation material will first by addressed with a privilege log for any information, document, and/or thing that are claimed to be privileged and non-discoverable, or attorney-work product. The parties may file with the court a challenge for any information, document, and/or thing that the parties has a good faith basis to believe is not privileged.

>The parties have not discussed settlement but settlement is likely.

>Final list of witnesses and exhibits under Rule 26(a)(3) should be due:

>- From Plaintiff by at least 30 days before trial or in the Final Pretrial Order.
>- From Defendants by at least 30 days before trial or in the Final Pretrial Order.

Parties should have 14 days after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial 14 days after the final pretrial conference and at this time is expected to take approximately three (3) days.

                                      Respectfully submitted,

| | |
|---|---|
| Dated: <u>July 2, 2008</u> | Dated: <u>July 2, 2008</u> |
| /s/ Louis J. Meyer | /s/ Miranda J. Floyd |
| Law Offices of Lawrence V. Jackowiak | Assistant State's Attorney |
| 20 North Clark Street, Suite 1700 | 324 Main Street, Room 111 |
| Chicago, Illinois 60602 | Peoria, Illinois 61602 |
| (312) 795-9595 | (309) 673-6017 |
| *Counsel for the Plaintiff* | *Counsel for the Defendants* |

Dated: <u>July 2, 2008</u>

/s/ Ronald L. Hanna
Hanna & Hanna
411 Hamilton Boulevard, Suite 1004
Peoria, Illinois 61602
(309) 676 3608
*Counsel for the Plaintiff*